SKOOG et al.

v.

McCRAY REFRIGERATOR CO.
No. 10963.

United States Court of Appeals
Seventh Circuit.
March 23, 1954.

Arthur S. Caine, John D. Gould and Whiteley & Caine, Minneapolis, Minn., for appellants.

Charles W. Owen, Carl F. Schaffer, Owen & Owen, Toledo, Ohio, for appellee.

Before MAJOR, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for infringement of Claims 1 and 2 of R. E. Skoog, et al. U. S. Patent No. 2,477,393.[1] Plaintiffs also claim that they disclosed a trade secret which defendant obtained through a confidential relationship. The district court found the patent to be invalid and not infringed, and that there was no violation of a confidential disclosure.

Plaintiffs are brothers who operated a small retail grocery and meat market in Minneapolis, Minnesota. Their groceries were sold on a self-service basis but the meat department was operated on a service basis. Desiring to establish a frozen food department and their floor space being limited, plaintiffs conceived the idea of placing on the front side of the refrigerated meat display cabinet which they had in their store, a narrow-open-topped freezer cabinet from which frozen foods could be sold on a self-service basis. This compartment had an open rear side but had a front wall and two side walls and was fastened by side plates, nuts and bolts to the lower front of the meat display cabinet, the top of the well being just below the level of the slanting glass front.

Plaintiff described their cabinet as consisting of "a display compartment with an upper display portion having a glass front wall, an open-topped, open rear-side self-service compartment

---

1. The claims read:
    "1. In combination with a display type refrigeration cabinet embodying a compartment having a front wall which is principally composed of glass, an open topped compartment positioned on the front of the cabinet beneath the glass surface and exterior to the first named compartment and having one wall in common with the first named compartment, and means for refrigerating the space within each of said compartments.
    "2. In combination with a display type refrigeration cabinet embodying a compartment having a bottom wall and a front wall, the latter being principally composed of glass, an open topped compartment positioned on the front of the cabinet beneath the glass surface and exterior to the first named compartment, the upper open end of the second compartment extending above the bottom wall of the first compartment, and means for refrigerating the space within each of said compartments."

mounted in front of the display compartment and below the glass front of the display portion thereof, and a storage space in the display compartment below the display shelf in the upper display portion and behind the self-service compartment and having a common wall with the self-service compartment to reduce the dimensions of the two compartments, together with means for refrigerating the several compartments." It is without dispute that a floor area of some 6″ wide and the length of the cabinet was saved by plaintiff's arrangement over that which would have been required had the meat display cabinet and the freezer compartment been merely placed in juxtaposition.

Plaintiff's cabinet was installed for use of their customers shortly before Thanksgiving, 1947. An application for a patent thereon was filed December 13, 1947. In the hope of interesting a manufacturer of commercial refrigerator cabinets in purchasing the invention, plaintiff sent out letters dated January 2, 1948, to refrigeration manufacturers, including defendant, which did not state the nature of plaintiff's invention but offered to make a disclosure, either by mailing photographs and a description or inviting one of their salesmen or engineers to call at plaintiff's store and inspect the device. On January 9, 1948, defendant replied that it was always interested in something new and would turn plaintiff's disclosure over to its engineering department for examination. The letter further stated, " * * * no obligation is expressed or implied or assumed or imputed to us by reason of any disclosures which you may make to us, unless or until we find that you are the first to have made an invention in which we are interested and a written agreement is entered into between us." On January 26, 1948, plaintiffs sent to defendant two photographs of their combination cabinet but made no reference to the conditions expressed in defendant's letter of January 9. On February 11, 1948, defendant informed plaintiff that it was not interested in their combination cabinet. Within a year thereafter defendant commenced the manufacture and sale of a combination cabinet which plaintiffs claim infringes their patent and resulted from the appropriation of confidential information furnished to defendant by the plaintiffs herein.

We think the district court was correct in finding noninfringement. Claims 1 and 2 of the patent in suit each provide for an open-topped compartment positioned on the front of the cabinet and exterior to the compartment. In defendant's construction the open-topped compartment extends back into the cabinet through a front opening therein. It is not positioned on the front of the cabinet in the sense used in plaintiff's patent claims. Furthermore, Claim 1 calls for one wall in common with the first named compartment. Defendant's cabinet does not have a front wall of the display unit in common with the rear wall of the open-topped unit.

The test of infringement is whether the accused device does the same work in substantially the same way and accomplishes the same result. Hunt v. Armour & Co., 7 Cir., 185 F.2d 722, 728. In the patent in suit the completely separated compartments are individually cooled by cooling coils embedded in the walls thereof. In defendant's cabinet the compartments are cooled by forced circulation of air past an exposed cooling coil, then divided and directed through the two communicating compartments after which it is returned to the coil for recooling. We agree with the conclusion of the district court: "The refrigerating means employed by defendant in its cabinet in suit is not the 'equivalent,' in the sense of the patent laws, of the refrigerating means employed by plaintiffs in their patent in suit."

As to validity, it is admitted that the refrigerated display unit and the open-topped quick freeze unit were separately

old and had been in wide commercial use. The question is whether there was patentable novelty in placing the two units in juxtapositon to save floor space, with the back of one joined to the front of the other by a common wall and with the two units refrigerated by the same means or by separate means.

■ Each unit of the patent in suit can be used separately and independently of the other. No new function results from a combination of the elements and the new result is merely that which arises from the operation of each. Blanc v. Spartan Tool Co., 7 Cir., 168 F.2d 296, 299. To be patentable the combination of old elements must contribute something. "Only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable." Great A. & P. Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162. "The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention." Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008.

■ Nor do we think that the combination of cabinets resulting in a saving of floor space rises to the dignity of an invention. Plaintiff's combination made for convenience, it is true. But, as the court said in In re Hueber, 70 F.2d 906, 908, 21 C.C.P.A., Patents, 1112: "It may be more convenient, economical, and compact than prior devices. However, this does not render it patentable." See also: National Pressure Cooker Co. v. Aluminum Goods Mfg. Co., 7 Cir., 162 F.2d 26, 29. We hold that the district court was correct in holding Claims 1 and 2 of the patent in suit to be invalid.

Plaintiffs urge that defendant appropriated their trade secret obtained from them through a confidential relationship. They cite court decisions showing that a trade secret need not reach the stature of an invention; also that if the disclosure is merely a limited one, it does not abridge the right of the owner to maintain an action for the appropriation of a trade secret.

■ We think it well established that there can be no confidential disclosure where there has been a prior disclosure to the public without reservation. Nims, Unfair Competition, Vol. I, p. 402, says: "A secret is * * * anything hidden from general knowledge or observation." In Affiliated Enterprises, Inc. v. Gruber, 1 Cir., 86 F.2d 958, 961, the court held that "any property right based upon secrecy was lost as early, at least, as the first public exhibition." To the same effect: Northup v. Reish, 7 Cir., 200 F.2d 924.

The district court found, "A refrigerated cabinet embodying such patented construction was built in plaintiffs' store in Minneapolis, Minnesota, and was in unrestricted public use in said store in the serving of customers commencing before Thanksgiving of 1947, and continuing in use several years thereafter."

■ Plaintiffs argue that because their combination cabinet had been used only in their relatively small store for a period of about two months prior to their communication with defendant, it constituted only a limited disclosure. They say that the cabinet was only for the use of their customers who were not concerned with refrigeration cabinets as such, and thus there was not a general disclosure to the public. We do not agree. The cabinet was in close proximity to anyone entering the store. As we said in Smith v. Dravo Corp., 7 Cir., 203 F.2d 369, 373, "Of course, as the term demands, the knowledge cannot be placed in the public domain and still be retained as a 'secret'. * * * That which has become public property cannot be recalled to privacy."

Plaintiffs place considerable reliance on Smith v. Dravo Corp., supra. How-

ever, the facts in that case and those in the case at bar are so different that the Smith decision is clearly distinguishable. In that case solicitation was made by defendant for detailed information as to plaintiff's container; there was a meeting of the parties to discuss the purchase of plaintiff's business by defendant; plaintiff furnished detailed information, such as patent application, blueprints, sample container, and correspondence from possible users. Defendant inspected plaintiff's physical plant and manufacturing operations, and later designed and put on the market a container which incorporated many if not all of the features of plaintiff's design, and also made use of its customer list. We think Smith v. Dravo Corp., supra, is inapposite.

Plaintiff cites Allen-Qualley Co. v. Shellmar Products Co., D.C., 31 F.2d 293, affirmed 7 Cir., 36 F.2d 623, and Booth v. Stutz Motor Car Co. of America, 7 Cir., 56 F.2d 962. We analyzed those cases and others in Northup v. Reish, 7 Cir., 200 F.2d 924 at page 929, and said: "We think all of the above decisions are sound but do not believe any of them, nor any other decision we have found, supports the plaintiff's contention in a case where, as here, the plaintiff has made a full disclosure to the public long before the defendant started to manufacture and sell the article."

■ Another reason that plaintiff's claim of appropriation of a trade secret must fail is that defendant's cabinet was independently designed by its employee Howard without knowledge of plaintiff's combination cabinet. The district court so found, and there is substantial evidence in the record to sustain such finding.

Plaintiff also argues unjust enrichment and that the defendant committed fraud on the United States Government in making applications for patent. We think the plaintiff has failed to prove such contentions.

Affirmed.